Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
ALIDA MARTINEZ PAREDES and MERADYS
ROSSEMARY DE LA CRUZ REYES, individually and on
behalf of all others similarly situated,

                                Plaintiffs,

   -against-

GARCIAS' TACO BAR LLC and ROBERTO GARCIA and
JENNIFER ARGUELLO, as individuals,

                              Defendants.
-----------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiffs, **ALIDA MARTINEZ PAREDES and MERADYS ROSSEMARY DE LA CRUZ REYES**, individually and on behalf of all others similarly situated, (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., allege upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

### PRELIMINARY STATEMENT

1. Plaintiffs, through undersigned counsel, bring this action against **GARCIAS' TACO BAR LLC and ROBERTO GARCIA and JENNIFER ARGUELLO, as individuals** (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at **GARCIAS' TACO BAR LLC,** located at 920 Crooked Hill Road Brentwood NY 11717.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages. Plaintiffs also seek

1

interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

### *The Plaintiffs*

7. Plaintiff ALIDA MARTINEZ PAREDES, residing in Brentwood, NY, was employed by Defendants at GARCIAS' TACO BAR LLC, from in or around September 2022 until in or around January 2025.

8. Plaintiff MERADYS ROSSEMARY DE LA CRUZ REYES, residing in Brentwood, NY, was employed by Defendants at GARCIAS' TACO BAR LLC, from in or around October 2022 until in or around February 2024.

### *Corporate Defendant*
### GARCIAS' TACO BAR LLC.

9. At all relevant times hereto, Defendant GARCIAS' TACO BAR LLC, is a corporation organized under the laws of New York with a principal executive office and service of process address at 203 Atlantic St., Central Islip, NY 11722.

10. At all relevant times hereto, Defendant GARCIAS' TACO BAR LLC, is a corporation authorized to do business under the laws of New York.

11. At all relevant times hereto, Defendant GARCIAS' TACO BAR LLC, through its agents, officers, managers and supervisors, maintains direct control, oversight, and

direct supervision over their employees including Plaintiffs in the performance of their duties, which among others include scheduling of work and payment of wages, hiring and termination of its employees.

12. Accordingly, at all relevant times hereto, Defendant GARCIAS' TACO BAR LLC was Plaintiffs' employer within the meaning and the intent of the FLSA, and the NYLL.

13. On information and belief, GARCIAS' TACO BAR LLC is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

*Individual Defendants*
**ROBERTO GARCIA and JENNIFER ARGUELLO**

14. At all relevant times hereto, Defendants ROBERTO GARCIA and JENNIFER ARGUELLO own and operate GARCIAS' TACO BAR LLC.

15. Upon information and belief, Defendants ROBERTO GARCIA and JENNIFER ARGUELLO are agents of GARCIAS' TACO BAR LLC.

16. At all relevant times hereto, Defendants ROBERTO GARCIA and JENNIFER ARGUELLO are responsible for overseeing the daily operations of GARCIAS' TACO BAR LLC.

17. At all relevant times hereto, Defendants GARCIAS' TACO BAR LLC have power and authority over all the final personnel decisions at GARCIAS' TACO BAR LLC.

18. At all relevant times hereto, Defendants GARCIAS' TACO BAR LLC have power and authority over all final payroll decisions at GARCIAS' TACO BAR LLC, including the Plaintiffs.

19. At all relevant times hereto, Defendants ROBERTO GARCIA and JENNIFER ARGUELLO have the exclusive power to hire and fire employees at GARCIAS' TACO BAR LLC, establish and pay their wages, set their work schedule, and maintain their employment records, including the Plaintiffs.

20. During all relevant times herein, Defendants ROBERTO GARCIA and JENNIFER ARGUELLO, as individuals, were Plaintiffs' employers within the meaning of the FLSA and NYLL.

## FACTUAL ALLEGATIONS
## ALIDA MARTINEZ PAREDES

21. Plaintiff ALIDA MARTINEZ PAREDES was employed by Defendants at GARCIAS' TACO BAR LLC, from in or around September 2022 until in or around January 2025.

22. During Plaintiff's employment by Defendants at GARCIAS' TACO BAR LLC, Plaintiff's primary duties were as a cook, food preparer, cashier, order taker and packer, while performing other miscellaneous duties from in or around September 2022 until in or around January 2025.

23. Plaintiff regularly worked five (5) to six (6) days per week during her employment with the Defendants.

24. Plaintiff regularly worked a schedule of shifts beginning at approximately 10:00 a.m. and regularly ending at approximately 12:00 a.m. or later, five (5) to six (6) days per week from in or around September 2022 until in or around January 2025.

25. Thus, Plaintiff was regularly required to work approximately seventy (70) to eighty-four (84) hours per week, from in or around September 2022 until in or around January 2025.

26. Plaintiff was paid by Defendants flat hourly rates of approximately $16.00 per hour for all hours worked from in or around September 2022 until in or around May 2024; approximately $17.00 per hour for all hours worked from in or around June 2024 until in or around October 2024 and approximately $18.00 per hour for all hours worked from in or around November 2024 until in or around January 2025.

27. Plaintiff was paid exclusively in cash.

28. Although Plaintiff worked approximately seventy (70) to eighty-four (84) hours per week, from in or around September 2022 until in or around January 2025, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

29. Additionally, although Plaintiff worked more than ten (10) hours per day, approximately five (5) to six (6) days per week from in or around September 2022 until in or around January 2025, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL

30. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

31. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of her hire or at any time during her employment in violation of the NYLL.

32. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

33. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy her compensation problems, lack of knowledge about the rates of pay she was receiving and/or should have been receiving for her regular hours and overtime hours, terms, and conditions of her pay, and furthermore, an inability to identify her hourly rate of pay to ascertain whether she was being properly paid in compliance with the FLSA and NYLL – which she was not.

34. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate her hours worked, and proper rates of pay, and determine if she was being paid time-and-a-half for her overtime hours as required by the FLSA and NYLL.

**MERADYS ROSSEMARY DE LA CRUZ REYES**

35. Plaintiff MERADYS ROSSEMARY DE LA CRUZ REYES was employed by Defendants at GARCIAS' TACO BAR LLC, from in or around October 2022 until in or around February 2024.

36. During Plaintiff's employment by Defendants at GARCIAS' TACO BAR LLC, Plaintiff's primary duties were as a cook, food preparer, cleaner, order taker and packer,

while performing other miscellaneous duties from in or around October 2022 until in or around February 2024.

37. Plaintiff regularly worked approximately three (3) days per week from in or around October 2022 until in or around December 2022; approximately six (6) days per week from in or around January 2023 until in or around August 2023 and approximately five (5) days per week from in or around September 2023 until in or around February 2024.

38. Plaintiff regularly worked a schedule of shifts beginning at approximately 8:00 a.m. and regularly ending at approximately 1:00 a.m. or later, three (3) days per week from in or around October 2022 until in or around December 2022; from approximately 8:00 a.m. and regularly ending at approximately 1:00 a.m. or later, six (6) per week from in or around January 2023 until in or around August 2023; from approximately 8:00 a.m. and regularly ending at approximately 1:00 a.m. or later, three (3) days per week and from approximately 4:00 p.m. and regularly ending at approximately 2:00 a.m. or later, two (2) per week from in or around September 2023 until in or around February 2024.

39. Thus, Plaintiff was regularly required to work approximately fifty-one (51) hours per week, from in or around October 2022 until in or around December 2022; approximately one hundred-and-two (102) hours per week from in or around January 2023 until in or around August 2023 and approximately seventy-one (71) hours per week from in or around September 2023 until in or around February 2024.

40. Plaintiff was paid by Defendants flat hourly rates of approximately $15.00 per hour for all hours worked from in or around October 2022 until in or around September 2023; and approximately $16.00 per hour for all hours worked from in or around October 2023 until in or around February 2024.

41. Plaintiff was paid exclusively in cash.

42. Although Plaintiff worked approximately fifty-one (51) hours per week, from in or around October 2022 until in or around December 2022; approximately one hundred-and-two (102) hours per week from in or around January 2023 until in or around August 2023 and approximately seventy-one (71) hours per week from in or around September 2023 until in or around February 2024, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

43. Additionally, although Plaintiff worked more than ten (10) hours per day, approximately three (3) days per week from in or around October 2022 until in or around December 2022; six (6) days per week from in or around January 2023 until in or around August 2023 and three (3) days per week from in or around September 2023 until in or around February 2024, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL

44. Further, Plaintiff was not compensated at all by the Defendants for her last day of work.

45. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

46. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of her hire or at any time during her employment in violation of the NYLL.

47. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

48. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy her compensation problems, lack of knowledge about the rates of pay she was receiving and/or should have been receiving for her regular hours and overtime hours, terms, and conditions of her pay, and furthermore, an inability to identify her hourly rate of pay to ascertain whether she was being properly paid in compliance with the FLSA and NYLL – which she was not.

49. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate her hours worked, and proper rates of pay, and determine if she was being paid time-and-a-half for her overtime hours as required by the FLSA and NYLL.

## DEFENDANTS' VIOLATIONS UNDER NYLL COMMON TO ALL PLAINTIFFS

50. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

51. Upon information and belief, Defendants failed to provide Plaintiffs with a wage notice at the time of their hire or at any time during their employment in violation of the NYLL.

52. Upon information and belief, Defendants failed to provide Plaintiffs with an accurate wage statement that included all hours worked and all wages received each week when Plaintiffs were paid in violation of the NYLL.

53. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiffs suffered a concrete harm, resulting from Plaintiffs' inability to identify Plaintiffs' employer to remedy their compensation problems, lack of knowledge about the rates of pay they were receiving and/or should have receiving for their regular hours and overtime hours, terms, and conditions of their pay, and furthermore, an inability to identify their hourly rate of pay to ascertain whether they was being properly paid in compliance with the FLSA and NYLL – which they were not.

54. Furthermore, Defendants' alleged willful failures to provide Plaintiffs with these documents prevented Plaintiffs from being able to calculate their hours worked, and proper rates of pay, and determine if they were being paid time-and-a-half for their overtime hours as required by the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

55. Plaintiffs bring this wage-and-hour action on behalf of themselves, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are hereafter, the "Collective Class."

56. Collective Class: All persons who are or have been employed by the Defendants as cooks, food preparers, cashiers, cleaners, order takers, packers, or any other similarly titled personnel with substantially similar job requirements and pay provisions, who

were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

57. Upon information and belief, Defendants employed approximately 15 or more employees or more within the relevant time period who Defendants subjected to similar unlawful payment structures that violated applicable law.

58. Defendants suffered and permitted Plaintiffs - and the Collective Class - to regularly work more than forty hours per week without appropriate overtime compensation.

59. Defendants' unlawful conduct herein has been widespread, repeated, and consistent.

60. Defendants had knowledge that the Plaintiffs and the Collective Class regularly performed work requiring overtime pay.

61. Defendants' conduct as set forth in this Complaint was willful and in bad faith - and has caused significant damages to Plaintiffs, as well as the Collective Class.

62. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs, and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

63. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

64. The claims of Plaintiffs are typical of the claims of the whole putative class.

65. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

66. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

67. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

68. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

69. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

70. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

71. Defendants willfully failed to pay Plaintiffs' overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

72. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

73. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

74. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

75. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

76. Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which

Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3, *et seq*.

77. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

### THIRD CAUSE OF ACTION
### Unpaid Wages Under The Fair Labor Standards Act

78. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

79. Defendants willfully failed to pay Plaintiffs' wages for hours worked in violation of 29 U.S.C. §206(a).

80. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiff.

81. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

### FOURTH CAUSE OF ACTION
### Unpaid Wages Under The New York Labor Law

82. Plaintiffs incorporate by reference all allegations in all preceding paragraphs.

83. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

84. Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.

85. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from the Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well as reasonable attorney's

fees and costs of the action, including interest in accordance with N.Y. Labor Law §198 (1-a).

## FIFTH CAUSE OF ACTION
### Spread of Hours Compensation Under New York Labor

86. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

87. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4.

88. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

## SIXTH CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

89. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

90. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

91. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
### Violation of the Wage Statement Requirements of the New York Labor Law

92. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

93. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

12

94. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;
b. Awarding Plaintiffs' unpaid overtime wages;
c. Awarding Plaintiffs' unpaid wages;
d. Awarding Plaintiffs' unpaid spread of hours compensation;
e. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
f. Awarding Plaintiffs prejudgment and post-judgment interest;
g. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and
h. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: March 3, 2025
      Kew Gardens, NY

*Roman Avshalumov*
Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ALIDA MARTINEZ PAREDES and MERADYS ROSSEMARY DE LA CRUZ REYES, individually and on behalf of all others similarly situated,

        Plaintiffs,

  -against-

GARCIAS' TACO BAR LLC and ROBERTO GARCIA and JENNIFER ARGUELLO, as individuals,

        Defendants.

---

## COLLECTIVE ACTION COMPLAINT

---

HELEN F. DALTON & ASSOCIATES, P.C.
*Attorneys for Plaintiffs*
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Phone (718) 263-9591
Fax (718) 263-9598

---

To:

*Service via Secretary of State:*
**GARCIAS' TACO BAR LLC (DOS ID: 5943243)**
203 Atlantic St., Central Islip, NY 11722

*via Personal Service:*
**GARCIAS' TACO BAR LLC**
920 Crooked Hill Road Brentwood NY 11717

**ROBERTO GARCIA**
920 Crooked Hill Road Brentwood NY 11717
**JENNIFER ARGUELLO**
920 Crooked Hill Road Brentwood NY 11717