UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

Alida Martinez Paredes, and Meradys Rossemary De La Cruz Reyes, *individually and on behalf of all others similarly situated,*

                                                    *Plaintiffs*,

                    -against-

Garcias' Taco Bar LLC and Roberto Garcia and Jennifer Arguello, *as individuals*,

                                                    *Defendants*.
------------------------------------------------------------------------X

Index No.: 25-cv-01191

**ANSWER WITH AFFIRMATIVE DEFENSES**

Defendants Garcias' Taco Bar LLC and Roberto Garcia and Jennifer Arguello (together, the "Defendants"), by and through their undersigned attorneys, Levin-Epstein & Associates, P.C., as and for their answer and affirmative defenses to the Complaint, filed on March 3, 2024 (the "Complaint") of Plaintiffs Alida Martinez Paredes, and Meradys Rossemary De La Cruz Reyes (collectively, the "Plaintiff"), hereby admit, deny and allege as follows:

## PRELIMINARY STATEMENT

1. The allegations contained in paragraph "1" of the Complaint set forth legal conclusions for which no response is required.

2. The allegations contained in paragraph "2" of the Complaint set forth legal conclusions for which no response is required.

## JURISDICTION AND VENUE

3. The allegations contained in paragraph "3" of the Complaint set forth legal conclusions for which no response is required.

4. The allegations contained in paragraph "4" of the Complaint set forth legal conclusions for which no response is required.

5.     The allegations contained in paragraph "5" of the Complaint set forth legal conclusions for which no response is required.

6.     The allegations contained in paragraph "6" of the Complaint set forth legal conclusions for which no response is required.

## THE PARTIES

### *The Plaintiffs*

7.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7"of the Complaint.

8.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8"of the Complaint.

### *Corporate Defendant*

## GARCIAS' TACO BAR LLC

9.     The allegations contained in paragraph "9" of the Complaint set forth legal conclusions for which no response is required.

10.     The allegations contained in paragraph "10" of the Complaint set forth legal conclusions for which no response is required, to the extent a response is required, Defendants deny the allegations contained in paragraph "10" of the Complaint.

11.     The allegations contained in paragraph "11" of the Complaint set forth legal conclusions for which no response is required, to the extent a response is required, Defendants deny the allegations contained in paragraph "11" of the Complaint.

12.     The allegations contained in paragraph "12" of the Complaint set forth legal conclusions for which no response is required, to the extent a response is required, Defendants deny the allegations contained in paragraph "12" of the Complaint.

13.   The allegations contained in paragraph "13" of the Complaint set forth legal conclusions for which no response is required, to the extent a response is required, Defendants deny the allegations contained in paragraph "13" of the Complaint.

### *Individual Defendants*

### ROBERTO GARCIA and JENNIFER ARGUELLO

14.   The allegations contained in paragraph "14" of the Complaint set forth legal conclusions for which no response is required, to the extent a response is required, Defendants deny the allegations contained in paragraph "14" of the Complaint.

15.   The allegations contained in paragraph "15" of the Complaint set forth legal conclusions for which no response is required, to the extent a response is required, Defendants deny the allegations contained in paragraph "15" of the Complaint.

16.   The allegations contained in paragraph "16" of the Complaint set forth legal conclusions for which no response is required, to the extent a response is required, Defendants deny the allegations contained in paragraph "16" of the Complaint.

17.   The allegations contained in paragraph "17" of the Complaint set forth legal conclusions for which no response is required, to the extent a response is required, Defendants deny the allegations contained in paragraph "17" of the Complaint.

18.   The allegations contained in paragraph "18" of the Complaint set forth legal conclusions for which no response is required, to the extent a response is required, Defendants deny the allegations contained in paragraph "18" of the Complaint.

19.   The allegations contained in paragraph "19" of the Complaint set forth legal conclusions for which no response is required, to the extent a response is required, Defendants deny the allegations contained in paragraph "19" of the Complaint.

20.     The allegations contained in paragraph "20" of the Complaint set forth legal conclusions for which no response is required, to the extent a response is required, Defendants deny the allegations contained in paragraph "20" of the Complaint.

## FACTUAL ALLEGATIONS

## ALIDA MARTINEZ PAREDES

21.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21"of the Complaint. To the extent a response is required, Defendants deny the allegations contained in paragraph "21" of the Complaint.

22.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22"of the Complaint. To the extent a response is required, Defendants deny the allegations contained in paragraph "22" of the Complaint.

23.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23"of the Complaint. To the extent a response is required, Defendants deny the allegations contained in paragraph "23" of the Complaint.

24.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24"of the Complaint. To the extent a response is required, Defendants deny the allegations contained in paragraph "24" of the Complaint.

25.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25"of the Complaint. To the extent a response is required, Defendants deny the allegations contained in paragraph "25" of the Complaint.

26.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26"of the Complaint. To the extent a response is required, Defendants deny the allegations contained in paragraph "26" of the Complaint.

27.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27"of the Complaint. To the extent a response is required, Defendants deny the allegations contained in paragraph "27" of the Complaint.

28.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28"of the Complaint. To the extent a response is required, Defendants deny the allegations contained in paragraph "28" of the Complaint.

29.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29"of the Complaint. To the extent a response is required, Defendants deny the allegations contained in paragraph "29" of the Complaint.

30.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30"of the Complaint. To the extent a response is required, Defendants deny the allegations contained in paragraph "30" of the Complaint.

31.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31"of the Complaint. To the extent a response is required, Defendants deny the allegations contained in paragraph "31" of the Complaint.

32.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32"of the Complaint. To the extent a response is required, Defendants deny the allegations contained in paragraph "32" of the Complaint.

33.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33"of the Complaint. To the extent a response is required, Defendants deny the allegations contained in paragraph "33" of the Complaint.

34.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34"of the Complaint. To the extent a response is required, Defendants deny the allegations contained in paragraph "34" of the Complaint.

### MERADYS ROSSEMARY DE LA CRUZ REYES

35.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35"of the Complaint. To the extent a response is required, Defendants deny the allegations contained in paragraph "35" of the Complaint.

36.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36"of the Complaint. To the extent a response is required, Defendants deny the allegations contained in paragraph "36" of the Complaint.

37.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37"of the Complaint. To the extent a response is required, Defendants deny the allegations contained in paragraph "37" of the Complaint.

38.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38"of the Complaint. To the extent a response is required, Defendants deny the allegations contained in paragraph "38" of the Complaint.

39.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39"of the Complaint. To the extent a response is required, Defendants deny the allegations contained in paragraph "39" of the Complaint.

40.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40"of the Complaint. To the extent a response is required, Defendants deny the allegations contained in paragraph "40" of the Complaint.

41. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41"of the Complaint. To the extent a response is required, Defendants deny the allegations contained in paragraph "41" of the Complaint.

42. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42"of the Complaint. To the extent a response is required, Defendants deny the allegations contained in paragraph "42" of the Complaint.

43. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43"of the Complaint. To the extent a response is required, Defendants deny the allegations contained in paragraph "43" of the Complaint.

44. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44"of the Complaint. To the extent a response is required, Defendants deny the allegations contained in paragraph "44" of the Complaint.

45. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45"of the Complaint. To the extent a response is required, Defendants deny the allegations contained in paragraph "45" of the Complaint.

46. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46"of the Complaint. To the extent a response is required, Defendants deny the allegations contained in paragraph "46" of the Complaint.

47. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47"of the Complaint. To the extent a response is required, Defendants deny the allegations contained in paragraph "47" of the Complaint.

48.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48"of the Complaint. To the extent a response is required, Defendants deny the allegations contained in paragraph "48" of the Complaint.

49.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49"of the Complaint. To the extent a response is required, Defendants deny the allegations contained in paragraph "49" of the Complaint.

## DEFENDANTS' VIOLATIONS UNDER NYLL COMMON
## TO ALL PLAINTIFFS

50.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50"of the Complaint. To the extent a response is required, Defendants deny the allegations contained in paragraph "50" of the Complaint.

51.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51"of the Complaint. To the extent a response is required, Defendants deny the allegations contained in paragraph "51" of the Complaint.

52.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52"of the Complaint. To the extent a response is required, Defendants deny the allegations contained in paragraph "52" of the Complaint.

53.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53"of the Complaint. To the extent a response is required, Defendants deny the allegations contained in paragraph "53" of the Complaint.

## COLLECTIVE ACTION ALLEGATIONS

54.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54"of the Complaint. To the extent a response is required, Defendants deny the allegations contained in paragraph "54" of the Complaint.

55. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55"of the Complaint. To the extent a response is required, Defendants deny the allegations contained in paragraph "55" of the Complaint.

56. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56"of the Complaint. To the extent a response is required, Defendants deny the allegations contained in paragraph "56" of the Complaint.

57. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57"of the Complaint. To the extent a response is required, Defendants deny the allegations contained in paragraph "57" of the Complaint.

58. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58"of the Complaint. To the extent a response is required, Defendants deny the allegations contained in paragraph "58" of the Complaint.

59. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59"of the Complaint. To the extent a response is required, Defendants deny the allegations contained in paragraph "59" of the Complaint.

60. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60"of the Complaint. To the extent a response is required, Defendants deny the allegations contained in paragraph "60" of the Complaint.

61. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61"of the Complaint. To the extent a response is required, Defendants deny the allegations contained in paragraph "61" of the Complaint.

62.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62"of the Complaint. To the extent a response is required, Defendants deny the allegations contained in paragraph "62" of the Complaint.

63.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63"of the Complaint. To the extent a response is required, Defendants deny the allegations contained in paragraph "63" of the Complaint.

64.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64"of the Complaint. To the extent a response is required, Defendants deny the allegations contained in paragraph "64" of the Complaint.

65.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65"of the Complaint. To the extent a response is required, Defendants deny the allegations contained in paragraph "65" of the Complaint.

66.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66"of the Complaint. To the extent a response is required, Defendants deny the allegations contained in paragraph "66" of the Complaint.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

67.     No response is required to the statement set forth in paragraph "67" of the Complaint.

68.     The allegations contained in paragraph "68" of the Complaint set forth legal conclusions for which no response is required.

69.     The allegations contained in paragraph "69" of the Complaint set forth legal conclusions for which no response is required.

70.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "70"of the Complaint.

71.     The allegations contained in paragraph "71" of the Complaint set forth legal conclusions for which no response is required.

72.     The allegations contained in paragraph "72" of the Complaint set forth legal conclusions for which no response is required.

73.     The allegations contained in paragraph "73" of the Complaint set forth legal conclusions for which no response is required.

**SECOND CAUSE OF ACTION**

**Overtime Wages Under New York Labor Law**

74.     No response is required to the statement set forth in paragraph "74" of the Complaint.

75.     The allegations contained in paragraph "75" of the Complaint set forth legal conclusions for which no response is required.

76.     The allegations contained in paragraph "76" of the Complaint set forth legal conclusions for which no response is required.

77.     The allegations contained in paragraph "77" of the Complaint set forth legal conclusions for which no response is required.

**THIRD CAUSE OF ACTION**

**Unpaid Wages Under The Fair Labor Standards Act**

78.     No response is required to the statement set forth in paragraph "78" of the Complaint.

79.     The allegations contained in paragraph "79" of the Complaint set forth legal conclusions for which no response is required.

80.     The allegations contained in paragraph "80" of the Complaint set forth legal conclusions for which no response is required.

81.     The allegations contained in paragraph "81" of the Complaint set forth legal conclusions for which no response is required.

## FOURTH CAUSE OF ACTION

### Unpaid Wages Under The New York Labor Law

82.     No response is required to the statement set forth in paragraph "82" of the Complaint.

83.     The allegations contained in paragraph "83" of the Complaint set forth legal conclusions for which no response is required.

84.     The allegations contained in paragraph "84" of the Complaint set forth legal conclusions for which no response is required.

85.     The allegations contained in paragraph "85" of the Complaint set forth legal conclusions for which no response is required.

## FIFTH CAUSE OF ACTION

### Spread of Hours Compensation Under New York Labor

86.     No response is required to the statement set forth in paragraph "86" of the Complaint.

87.     The allegations contained in paragraph "87" of the Complaint set forth legal conclusions for which no response is required.

88.     The allegations contained in paragraph "88" of the Complaint set forth legal conclusions for which no response is required.

## SIXTH CAUSE OF ACTION

### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

89.     No response is required to the statement set forth in paragraph "89" of the Complaint.

90.     The allegations contained in paragraph "90" of the Complaint set forth legal conclusions for which no response is required.

91.     The allegations contained in paragraph "91" of the Complaint set forth legal conclusions for which no response is required.

## SEVENTH CAUSE OF ACTION

### Violation of the Wage Statement Requirements of the New York Labor Law

92.     No response is required to the statement set forth in paragraph "92" of the Complaint.

93.     The allegations contained in paragraph "93" of the Complaint set forth legal conclusions for which no response is required.

94.     The allegations contained in paragraph "94" of the Complaint set forth legal conclusions for which no response is required.

## PRAYER FOR RELIEF

95.     Defendants deny that Plaintiffs are entitled to any relief sought in the "WHEREFORE" clause.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

96.     Plaintiffs fail to state a claim, in whole or in part, upon which relief may be granted, either on his own behalf or on behalf of those persons who Plaintiffs purport to represent, or to whom Plaintiffs purportedly are similarly situated.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

97.     Plaintiffs' claims, and those of the members of the putative classes whom Plaintiffs purport to represent, are barred in whole or in part by applicable statutes of limitation under 29 U.S.C. § 255, and NYLL §§ 198(3), 663(3).

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

98.     Plaintiffs' claims, and those of the members of the putative classes whom Plaintiffs purport to represent, are barred in whole or in part by the equitable doctrines of unclean hands, unjust enrichment, laches, offset and/or set off and/or estoppel.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

99.     Plaintiffs' claims, and those of the members of the putative classes whom Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs have not suffered any injury or damage as a result of any actions allegedly taken by Defendants.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

100.    Plaintiffs' claims, and those of the members of the putative classes whom Plaintiffs purport to represent, are barred in whole or in part because the Complaint is uncertain in that the purported class definitions are ambiguous and conclusory.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

101.    If Defendants are found to have failed to pay Plaintiffs and any putative member of the classes whom Plaintiffs purport to represent any wages owed, which Defendants expressly deny, Defendants nevertheless acted at all times on the basis of a good faith and reasonable belief that they had complied fully with all applicable laws and had no actual or constructive notice of

any violation. The actions taken or omitted by Defendants were also in good faith conformity with administrative regulations and/or guidance and/or interpretations issued by the U.S. Department of Labor and the New York State Department of Labor.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

102.    Plaintiffs' claims, and those of the members of the putative classes whom Plaintiffs purport to represent, are barred in whole or in part to the extent injunctive and/or other equitable relief is sought, because all have an adequate remedy at law and have suffered no irreparable harm due to any alleged conduct of Defendants. Payment to any Plaintiffs for any wages due (which Defendants expressly deny are due) would fully compensate them and make them whole, belying the propriety of any non-economic relief.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

103.    To the extent Plaintiffs and members of the putative classes whom Plaintiffs purport to represent suffered injury, which Defendants expressly deny, subject to proof through discovery, any such injury is the result of acts or omissions of such individuals, and not any act or omission of Defendants.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

104.    Plaintiffs are not entitled to certification of this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure because the purported class is not ascertainable and also not so numerous that joinder of its members is impracticable, Plaintiffs cannot satisfy the requirement of superiority, questions of law or fact are not common to the class, Plaintiffs' claims are not typical of the claims or defenses of the purported class, Plaintiffs will not fairly and adequately protect the interests of the class, Plaintiffs' interest conflict with those of putative class members, and/or the requirements of Fed.R.Civ.Pro. 23(b) are not met in this case.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

105.    Plaintiffs are not entitled to certification of this action as a collective action pursuant to Section 216(b) of the FLSA because Plaintiffs and the purported class members Plaintiffs seek to represent are not similarly situated to one another, Plaintiffs' claims require individualized inquiries, and/or proof of damages would require separate trials.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

106.    Plaintiffs are an inadequate and atypical representative of the classes Plaintiffs purport to represent and their interests are in conflict with those of the individuals Plaintiffs seek to represent.

## AS AND FOR A TELFTH AFFIRMATIVE DEFENSE

107.    Plaintiffs' claims and those of the members of the putative classes whom Plaintiffs purport to represent are barred in whole or in part because they were paid the requisite wages for all work performed and provided the requisite notices and wage statements for work performed.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

108.    Plaintiffs' claims and those of the members of the putative classes whom Plaintiffs purport to represent are barred to the extent they concern hours during which these individuals were engaged in activities that were preliminary or postliminary to their alleged work activities.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

109.    Plaintiffs' claims and those of the members of the putative classes whom Plaintiffs purport to represent are barred in whole or in part to the extent Defendants lacked actual or constructive knowledge of the hours allegedly worked.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

110.    Plaintiffs' claims and those of the members of the putative classes whom Plaintiffs purport to represent are barred in whole or in part to the extent that these individuals have affirmatively released, waived, or abandoned all or some of the claims raised in the Complaint.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

111.    Plaintiffs' claims and those of the members of the putative classes whom Plaintiffs purport to represent are barred, in whole or in part, because: (a) Defendants took reasonable steps to prevent and correct the conduct alleged in the Complaint; (b) Plaintiffs unreasonably failed to use the preventative and corrective measures that Defendants provided; and (c) reasonable use of Defendants' procedures would have prevented at least some of the harm that Plaintiffs allegedly, suffered, if any.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

112.    If Defendants' failure to pay requisite wages, provide notice and wage statements, and maintain records was unlawful, although such is not admitted, none of Defendants' acts or omissions constitute willful violation of the FLSA or NYLL.

**AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE**

113.    If Defendants' alleged failure to pay requisite wages, provide notice and wage statements, and maintain records was unlawful, although such is not admitted, neither Plaintiffs nor members of the putative classes they seek to represent can demonstrate facts sufficient to warrant an award of liquidated damages.

**AS AND FOR A NINTEENTH AFFIRMATIVE DEFENSE**

114.    Any failure to pay wages, provide notice and wage statements or maintain records required by the FLSA and/or NYLL to Plaintiffs or members of the putative classes Plaintiffs

purport to represent is attributable to a bona fide dispute with respect to their entitlement to payment.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

115.    To the extent that Plaintiff, and members of the putative classes whom Plaintiffs purport to represent, were paid compensation beyond that to which they were entitled, such additional compensation would satisfy, in whole or in part, any alleged claim for unpaid overtime or other monetary relief.

## AS AND FOR A TWENTY FIRST AFFIRMATIVE DEFENSE

116.    Assuming *arguendo*, Defendants violated any provision of the FLSA and/or New York Labor Law, such violation was not pursuant to a uniform policy or plan.

## AS AND FOR A TWENTY SECOND AFFIRMATIVE DEFENSE

117.    Supplemental or other jurisdiction should not be exercised over Plaintiffs' New York Labor Law claims.

## RESERVATION OF RIGHTS

118.    Defendants reserve the right to raise additional affirmative defenses and to supplement those asserted herein upon discovery of further information and investigation into the Plaintiffs' claims.

119.    Defendants reserve the right to assert claims against Plaintiffs arising out of Plaintiffs' acts of theft.

**WHEREFORE**, Defendants demand judgment in their favor:

(a)     denying Plaintiffs are entitled to the relief for which he prays on behalf of themselves or any other individual or to any other relief.

(b)     dismissing the Complaint against Defendants on the merits with prejudice and in its entirety;

(c)     awarding Defendants their costs and disbursement, including reasonable attorneys' fees incurred in the action; and

(d)     granting Defendants such other and further relief as the Court may deem just and proper.

Dated: May 29, 2025
      New York, New York

           By:     /s/*Joshua D. Levin-Epstein*
                  Joshua D. Levin-Epstein, Esq.
                  420 Lexington Avenue, Suite 2458
                  New York, NY 10170
                  Tel. No.: (212) 792-0046
                  Fax No.: (646) 786-3170
                  Email: Joshua@levinepstein.com
                  *Attorneys for Defendants*